ORIGINAL

# United States Court of Appeals for the Federal Circuit

FILED
MAY 13 2008
U.S. COURT OF FEDERAL CLAIMS

2007-5141

MOORE'S CAFETERIA SERVICES,
doing business as MCS Management,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

## JUDGMENT

ON APPEAL from the UNITED STATES COURT OF FEDERAL CLAIMS

in CASE NO(S). 07-CV-377

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED: AFFIRMED

ENTERED BY ORDER OF THE COURT

DATED: MAR 20 2008

Jan Horbaly, Clerk

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: [signature] Date: 5/13/08

Issued as Mandate: MAY 13 2008
COSTS:
Printing .................................. $212.00
Total.................................. $212.00

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5141

MOORE'S CAFETERIA SERVICES,
doing business as MCS Management,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Sam Z. Gdanski, Gdanski & Gdanski, LLP, of Suffern, New York, for plaintiff-appellant.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Nancy B. Firestone

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5141

MOORE'S CAFETERIA SERVICES,
doing business as MCS Management,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 07-CV-377, Judge Nancy B. Firestone.

---

DECIDED: March 20, 2008

---

Before GAJARSA, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

In this post-award bid protest case, Moore's Cafeteria Services ("MCS") appeals the judgment of the United States Court of Federal Claims in favor of the United States ("Government"). We affirm.

This case involves a solicitation by the Department of the Army ("Army") for the provision of food services at Fort Campbell, Kentucky, for one year beginning April 1, 2007. The solicitation was a best value procurement and indicated that proposals would be evaluated using lowest priced technically acceptable award criteria. The

solicitation initially stated that "a technically acceptable offer from a qualified State Licensing Agency will receive preference in accordance with the Joint Report to Congress, dated August 29, 2006." The referenced Joint Report was a report submitted by three parties, including the Department of Defense, as required by the Randolph-Sheppard Act ("RSA"), which gives priority to state licensed blind persons in the procurement of vending facility contracts. 20 U.S.C. § 107(b). The Joint Report proposed a methodology for ensuring that appropriate priority was given under the RSA in military dining procurements.

After receiving an inquiry from the Kentucky Office for the Blind, a State Licensing Agency ("SLA"), the Army's contracting officer amended the solicitation to remove reference to the Joint Report and to provide that an SLA would receive preference in accordance with the RSA. The Army's position was that the specific policies set forth in the Joint Report would not be effective until implemented by regulations. MCS, the incumbent contractor, did not object to the amendment.

The contracting officer evaluated the three technically acceptable proposals that were submitted, including one from MCS and one from the Kentucky SLA, and awarded the contract to the SLA. After the Government Accountability Office denied its protest, MCS filed suit in the Court of Federal Claims, alleging, inter alia, that the award violated the Joint Report's requirement that a contract not be awarded to an SLA whose price exceeds the best value offer by more than five percent. The trial court granted the Government's motion for judgment on the administrative record. MCS appeals.

We review the trial court's determination on the legal issue of the Government's conduct, in a grant of judgment on the administrative record, without deference.

Bannum, Inc. v. United States, 404 F.3d 1346, 1351 (Fed. Cir. 2005). Reapplying the standards set forth in the Administrative Procedure Act, we may set aside the agency's procurement decision only if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Id. (quoting 5 U.S.C. § 706(2)(A)).

First, we agree with the trial court that MCS waived the ability to challenge the terms of the solicitation by failing to object prior to the close of bidding. See Blue & Gold Fleet, L.P. v. United States, 492 F.3d 1308, 1313 (Fed. Cir. 2007). When the solicitation was amended to delete the reference to the Joint Report, MCS was on notice that the contract did not require the contracting officer to follow the methodology set forth in the Joint Report, including the five percent benchmark for evaluating price reasonableness. If MCS believed that the contracting officer was legally required to consider the Joint Report in making the award, as it now argues, the proper time for raising that issue was before the bidding process was complete. See id.

In the absence of a five percent standard, we also agree with the trial court that the contracting officer's price reasonableness evaluation had a rational basis and was not arbitrary, capricious, or an abuse of discretion. The contracting officer compared the prices of the three technically acceptable offers, determined that the range of variation was relatively narrow, and thus concluded that the price of the SLA's offer, which was between the other two, was reasonable. This is an acceptable method for evaluating price reasonableness. 48 C.F.R. § 15.404-1(b)(i). The fact that MCS's proposed price was lower than the SLA's price does not demonstrate that the SLA's price was unreasonable, especially when the solicitation stated that "application of [the

RSA] preference may result in award to other than the lowest priced technically acceptable offeror."

Finally, as the trial court correctly determined, MCS has not shown any prejudice in alleged errors in the Independent Government Estimate ("IGE"). Although comparison to the IGE was not required, the contracting officer also used that method to determine that the SLA's price was reasonable. However, she stated even if the IGE were flawed and required correction, she still would have determined that the SLA's price was reasonable based on comparison to the other offeror's prices. Thus, MCS has not established that it suffered "significant prejudice" because it cannot show it would have received the contract award but for the alleged errors in the IGE. Bannum, 404 F.3d at 1353.

We have considered MCS's additional arguments and find them to be without merit.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: [signature] Date: 8/13/08

BILL OF COSTS (File original and three copies with the Clerk within 14 days of judgment)

Docket No(s): 07-5141 Caption: Moore's Cafeteria v. US

Clerk is requested to tax the following costs against: Moore's Cafeteria Services - Plaintiff-Appellant

| ITEM | Number of copies | Number of pages | Actual cost | Allowable cost | Total billed | Total taxed |
|---|---|---|---|---|---|---|
| Docketing Fee (if paid in this court) | xxxxx | xxxxx | | | | |
| Table of Designated Materials (original) | xxxxx | | | 6.00 | | |
| Table or Compilation of Designated Materials (copying and collating) | | | | 0.08 | | |
| Brief (original) | xxxxx | 25 | 6.00 | 6.00 | 150.00 | |
| Brief (cover and binding) | 16 | xxxxx | 2.00 | 2.00 | 32.00 | |
| Brief (copying and collating) | 15 | 25 | 0.08 | 0.08 | 30.00 | |
| Appendix (original-table of contents) | xxxxx | xxxxx | 6.00 | 6.00 | | |
| Appendix (covers and binding) | xxxxx | xxxxx | | 2.00 | | |
| Appendix (copying and collating) | xxxxx | xxxxx | 0.08 | 0.08 | | |
| Reply Brief (original) | xxxxx | | | 6.00 | | |
| Reply Brief (covers and binding) | | xxxxx | | 2.00 | | |
| Reply Brief (copying and collating) | | | | 0.08 | | |
| Other (describe): | | | | | | |
| GRAND TOTALS | | | | | 212.00 | |

FILED
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
APR 03 2008
JAN HORBALY
CLERK

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: [signature] Date: 5/13/08

ct 5/13/08 (212.00)

City/County of Washington ) District/State of Columbia ) SS

I, Tara K. Hogan swear under penalty of perjury that the services for which costs are taxed were necessarily performed. Copies of this bill were served on all parties.

Signature: [signature] Date: 4/3/08 Attorney for: Defendant-Appellee

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury on this 3rd day of April, 2008, I caused to be placed in the United States mail (first class mail, postage prepaid) copies of "RESPONDENT-APPELLEE'S BILL OF COSTS" addressed as follows:

Sam Zalman Gdanski
Gdanski & Gdanski, LLP
3 Rockwood Lane
Suffern, NY 10901

S.A. Minor